IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM R. CRAWFORD, *et al.,* | Civil Action No. 2:20-cv-3317 |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS** |
| CDI CORPORATION, *et al.,* | |
| Defendants. | |

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses and Class Representative Service Awards. After considering the motions and documents filed in support thereof and having held a Final Approval Hearing, it is hereby ORDERED that:

1. **Jurisdiction.** The Court has personal jurisdiction over Plaintiffs, Defendants, and members of the Class pursuant to ERISA § 502(e)(2), 29 U.S.C. § l 132(e)(2), and subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, including but not limited to jurisdiction to finally approve the proposed Settlement.

2. **Class Notice.** The Court finds that the distribution of the Notice of Class Action Settlement was in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order; and

   a. constituted the best practicable notice to members of the Class under the circumstances of this action;

   b. was reasonably calculated, under the circumstances, to apprise members of the Class of (i) the pendency of this class action; (ii) their right to object to any

aspect of the proposed Settlement, including the fairness, reasonableness or adequacy of the Class' representation by Class Counsel, and the award of attorneys' fees and expenses; (iii) their right to appear at the Final Approval Hearing; and (iv) the binding effect of the orders and Final Judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class;

c.   was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice;  and

d.   fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable  law.

3.      **Class Action Fairness Act Not** -ic **e.** The Court finds that Defendants have caused to be served a notice of the proposed Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 171S(b), and have satisfied their obligations thereunder.

4.      **The Fairness. Adequacy. and Reasonableness of the Settlement.** The  Third Circuit has identified the following factors ("the *Girsh* factors") that a court should consider in determining whether a settlement is fair, reasonable, and adequate:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range ofreasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*In re Natl. Football League Players Concussion Injury Litig.,* ("NFL"), 821 F.3d 410,437 (3d Cir. 2016) (quoting *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975)). When appropriate, courts may also consider the following non-mandatory factors known as "the *Prudential* factors":

> [a] the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; [b] the existence and probable outcome of claims by other classes and subclasses; [c] the comparison between the results achieved by the settlement for individual class or subclass members and the results achieved - or likely to be achieved - for other claimants; [d] whether class or subclass members are accorded the right to opt out of the settlement; [e] whether any provisions for attorneys' fees are reasonable; and [f] whether the procedure for processing individual claims under the settlement is fair and reasonable.

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions,* 148 F.3d 283, 323 (3d Cir. 1998).

The Court concludes that all the *Girsh* factors are satisfied. Specifically, the Court finds that (a) continued litigation would be complex, expensive, and lengthy; (b) the stage of the proceedings and the amount of discovery conducted allowed Class Counsel to obtain sufficient information to adequately evaluate the merits of the case; (c) there are risks of establishing liability and remedies and maintaining the class action through trial; (d) the Settlement falls within the range of reasonableness in light of the best possible recovery and all attendant risks of litigation; and (e) the reaction of the Class to the Settlement is more than favorable.

The Court also concludes that the relevant non-mandatory *Prudential* factors are satisfied as follows: (1) the litigation had proceeded far enough that Class Counsel were able to assess the probable outcome of trial; (2) as the Court finds below, the request for attorneys' fees is reasonable; and (3) the process of administering the Settlement is fair and reasonable.

The Settlement is fully approved as fair, reasonable, and adequate as to, and in the best interests of Plaintiffs and members of the Class, and in full compliance with all applicable

requirements of the Federal Rules of Civil Procedure, the United States Constitution (including

the Due Process Clause), and any other applicable law. Plaintiffs, Defendants, and members of

the Class are hereby directed to implement and consummate the Settlement Agreement according

to its terms and provisions.

     5.     **The Plan of Allocation.** The Court finally approves the Plan of Allocation as a

fair and reasonable method to allocate the Net Settlement Amount among members of the Class

as set forth in the Settlement Agreement. The Court directs that the Plan Administrator effectuate

the distribution of the Settlement Fund in accordance with the terms of the Settlement Agreement

and the Plan of Allocation, including within the times and manner set forth in Article V of the

Settlement Agreement. The Class shall not have any claims against Plaintiffs, the CDI

Corporation 401(k) Savings Plan Committee, the Settling Defendants, or counsel to any of the

foregoing, including any of the individuals involved in the distribution under the Plan of

Allocation, based on any distributions of the Settlement Fund made substantially in accordance

with the Settlement Agreement or as authorized by the Court.

     6.     **Award of Fees and Litigation Expenses to Class Counsel.** Plaintiffs seek an

award of 30% of the Common Fund for Class Counsel. The requested common fund fee award is

reasonable. Indeed, the requested percentage is lower than many common fund fee awards in this

Circuit. *See In re Ikon Office Solutions, Inc., Securities Litig.,* 194 F.R.D. 166, 194-95 (E.D. Pa.

2000) (Approving attorneys' fee request for 30% of common fund as "very reasonable" and

noting "[p]ercentages awarded [for attorneys' fees] have varied considerably, but most fees

appear to fall in the range of nineteen to forty-five percent. The median in class actions is

approximately twenty-five percent, but awards of thirty percent are not uncommon in securities

class actions.") The Court has considered the following factors: (a) the size of the fund created

and the number of persons benefitted; (b) the presence or absence of objections by members of the class to the settlement terms and/or fees requested by counsel; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiffs' counsel; (g) the awards in similar cases, (h) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (i) any innovative terms of settlement. *See Halley v. Honeywell Int'l, Inc.,* 861 F.3d 481,496 (3d Cir. 2017).

In addition, the Court has reviewed Class Counsel's lodestar fees as a cross-check for the requested common fund award. Because the lodestar calculation serves only as a verification of the primary calculation, it "need entail neither mathematical precision nor bean-counting." *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 305-6 (3d Cir. 2005) (approving as "proper" an "abridged lodestar analysis" as cross-check for percentage-of-recovery calculation). The Court has reviewed declarations of Class Counsel stating the number of hours and hourly rate for each attorney and paralegal who worked on this matter. The multiple of lodestar fees sought by Class Counsel is within the range of reasonableness.

Class Counsel also submitted declarations regarding the litigation expenses incurred by Class Counsel. "In the Third Circuit, it is standard practice to reimburse litigation expenses in addition to granting fee awards." *McDonough v. Toys R Us, Inc.,* 80 F. Supp. 3d 626, 658 (E.D. Pa. 2015) (citing *In re AT&T Corp.,* 455 F.3d 160, 169 (3d Cir. 2006)).

After consideration of these factors, the Court grants Plaintiffs' motion for (1) an award of attorneys' fees equal to 30% of the Settlement Fund and (2) reimbursement of $16,595.72 in litigation expenses to Class Counsel.

7.      __Service Awards to Class Representatives.__ Courts commonly grant service awards in class action cases compensate named plaintiffs for the time and effort they spent in assisting the prosecution of the action, the risks they incurred by being litigants, and any other burden they bore. *In re Linerboard Antitrust Litig.,* No. 98-5055, 2004 WL 1221350, at *19 (E.D. Pa. June 2, 2004) ("[T]he amount requested, $25,000, is comparable to incentive awards granted by courts in this district and in other circuits."); *Meijer, Inc. v. 3M,* No. CIV.A. 04-5871, 2006 WL 2382718, at *25 (E.D. Pa. Aug. 14, 2006) (approving $25,000 incentive award for class representative who "worked closely with Plaintiffs' Counsel throughout the investigation, prosecution and settlement of the claims in this litigation").

After considering the time and effort expended by Class Representatives in assisting the prosecution of the action as well as the risks borne by them, the Court grants Plaintiffs' motion for an award of service incentive payments in the amount of $10,000 each to Class Representatives Adam R. Crawford, Lucia DePretto and Megan Waier Bennett.

8.      __Releases.__ The Releases contained in the Settlement Agreement are expressly incorporated herein in all respects. The Court acknowledges and finds that Plaintiffs and the Class will be deemed to have released and waived andare barred and permanently enjoined from prosecuting any and all Settled Claims against the Released Parties as provided in the Settlement Agreement. The Court further acknowledges and finds that Defendants and their Insurers will be deemed to have released and waived and are barred and permanently enjoined from prosecuting any and all Settled Claims against Plaintiffs, each Class Member, and Class Counsel as provided in the Settlement Agreement.

9.      __Dismissal.__ The Court hereby dismisses this Action with prejudice. Plaintiffs and all Class Members hereby release the Released Parties from all claims identified in Article 7 of

the Settlement Agreement. Defendants and their Insurers hereby release Plaintiffs, the Class, and Class Counsel from all claims identified in Article 7 of the Settlement Agreement. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

10.     **Final Judgment.** There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

11.     **Continuing Jurisdiction.** The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) enforcement, interpretation and implementation of the Settlement Agreement or the Plan of Allocation; (b) disposition of the Settlement Fund; (c) the payment of attorneys' fees, reimbursement of expenses, and class representative service awards, and (d) administration of the Settlement Fund, and (e) enforcement of any order of this Court.

For the reasons set forth herein, the Court hereby (1) **GRANTS** final approval of the Settlement; (2) **DISMISSES** this Action with prejudice; and (3) enters final judgment in this Action. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

It is ORDERED this 22nd day of  November 2021.

/s/ Timothy R. Rice
_____
Honorable Timothy Rice
United States Magistrate Judge

7